# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **STEPHEN BERRY, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO. 3:08-CV-248-B-BD** |
| **v.** | § | |
| | § | **consolidated with** |
| **BRYAN CAVE LLP,** | § | **Civil Action No. 3:08-CV-2035-B-BD** |
| **et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION

This putative nationwide class action lawsuit is before the Court as a result of a forum transfer from an Arizona federal district court to this Court by the Multidistrict Litigation Panel. Plaintiffs[1] are primarily professionals who are suing law firm Bryan Cave LLP and one of its limited partners, Richard C. Smith ("Bryan Cave"), as well as American Express Tax and Business Services, Inc., n/k/a RSM McGladrey, Inc. ("TBS"), for alleged negligent misrepresentations and omissions in various opinion letters concerning the risks associated with using specially designed insurance

---

[1] The Court has previously divided the Plaintiffs into two groups, those to whom the Court applied California law in analyzing their allegations (the "California Plaintiffs"), and all other Plaintiffs (the "non-California Plaintiffs"), to whom the Court applied Arizona law in analyzing their allegations. The California Plaintiffs are: Tyrone M. Seils and DP Search, Inc.; Richard Sarmiento, and Richard Sarmiento and Leilani, a Sole Proprietorship; Yoram Hakimi, Noam Maor, and Pacific Home Remodeling, Inc.; Mehmet C. Pekerol, M.D. and Mehmet C. Pekerol, M.D., P.C.; Jamie Hughes, Stanton Greene, and Valley Vista Mortgage, Inc.; Douglas A. DeSalvo and Douglas A. DeSalvo Chiropractic, Inc.; and Brian E. Kilcourse and BEK Consulting LP. The non-California Plaintiffs are: Stephen Berry and Fader Higher, LLC; Robert P. Young, M.D. and Rocky Mountain Dermatology, Inc.; Robert W. MacMillan and MacMillan Construction Company, Inc.; Charles R. Brown, DDS and Poulsbo Children's Dentistry; David George, Deborah George, and Audio Book Services, Inc.; David R. Hallman, Lynn Hallman, and Accessibility Unlimited, Inc.; and Thomas A. Johnson and Direct Electric of Wisconsin, Inc. Former Plaintiffs Hodan Rabile, DDS and Rabile Family Dentistry, P.C. voluntarily dismissed their claims against all Defendants on March 13, 2009.

policies to fund pension plans. Plaintiffs also allege that Defendants aided and abetted and conspired with the non-party insurance companies that issued the policies. Before the Court is Plaintiffs' First Amended Complaint (doc. 73).[2] Having considered the amended pleadings, Plaintiffs' Synopsis (doc. 75), TBS's Response to the Synopsis (doc. 77), Bryan Cave's Response to the Synopsis (doc. 79), and the Court's previous decisions in this matter (including the applicable law set forth therein, and incorporated herein by reference) (*see* doc. 66 and doc. 67), for the reasons that follow, the Court dismisses Counts One (civil conspiracy) and Four (aiding and abetting common-law fraud) of Plaintiffs' First Amended Complaint, but determines that Plaintiffs have sufficiently alleged Counts Three (negligent misrepresentation) and Five (exemplary damages) to overcome the pleading deficiencies in the initial Complaint.[3]

---

[2] In light of the Court's familiarity with the case, and the parties' extensive prior briefing, following the Court's May 11, 2010 decisions in this case granting in part Bryan Cave's and TBS's respective motions to dismiss (*see* doc. 66 and doc. 67), rather than have the parties engage in yet another round of briefing, the Court directed Plaintiffs to file a Synopsis with their First Amended Complaint detailing how the amended pleadings overcame the deficiencies in the initial Complaint. The Court permitted Bryan Cave and TBS to respond. On June 3, 2010, Plaintiffs filed their First Amended Complaint (doc. 73) and Synopsis (doc. 75), contending that the amended pleadings are sufficient to overcome the pleading deficiencies previously outlined by the Court. On June 14, 2010, Bryan Cave filed its response to the Synopsis (doc. 79), and TBS filed its response to the Synopsis (doc. 77), both arguing that the amended allegations are still deficient under FED. R. CIV. P. 12(b)(6) and 9(b). The issue is therefore ripe for determination.

[3] The Court need not assess the re-pleading of Count Two (unjust enrichment brought by the non-California Plaintiffs only) since the Court has already determined that, with the exception of the California Plaintiffs, Count Two is sufficiently alleged to withstand TBS's and Bryan Cave's respective motions to dismiss. (doc. 66, Mem. Op. at 14-16; doc. 67, Mem. Op. at 13-14.)

# I.

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs in their initial Complaint (doc. 1) alleged five Counts against Defendants Bryan Cave and TBS, namely: Count One (civil conspiracy); Count Two (unjust enrichment); Count Three (negligent misrepresentation); Count Four (aiding and abetting common-law fraud); and Count Five (exemplary damages).[4] Bryan Cave and TBS filed motions to dismiss (doc. 42 and doc. 46.) On May 11, 2010, the Court issued two decisions in this case: as to the California Plaintiffs, the Court granted Bryan Cave's and TBS's respective motions to dismiss as to all counts (doc. 66 and doc. 67); and as to the Remaining Plaintiffs, the Court granted Bryan Cave's and TBS's respective motions to dismiss as to all counts other than Count Two (unjust enrichment).[5]

Upon Plaintiffs' request, the Court granted leave to amend. On June 3, 2010, Plaintiffs filed a First Amended Complaint. (doc. 73.) The First Amended Complaint, like the initial Complaint, is a putative nationwide class action against Bryan Cave and TBS arising from alleged negligent misrepresentations and omissions in various opinion letters concerning the risks associated with using specially designed insurance policies to fund pension plans, as well as for aiding and abetting and conspiring with the non-party insurance companies that issued the policies. Plaintiffs allege five Counts: Count One brought by all Plaintiffs (civil conspiracy); Count Two brought by the non-

---

[4]The Court incorporates by reference its prior in-depth discussion of the background facts. (See doc. 66, Mem. Op. at 1-5; doc. 67, Mem. Op. at 1-5.)

[5]Although the Court initially denied the motions to dismiss as to Count Five (exemplary damages), upon a motion to reconsider by TBS, the Court determined that it had erred, and subsequently dismissed Count Five, given that exemplary damages may be awarded only based on underlying tort claims, not contractual or equitable causes of action, such as unjust enrichment. Because the Court had dismissed the underlying tort claims, and the only remaining claim was for unjust enrichment, exemplary damages were not permissible. (doc. 82, Order Granting Motion to Reconsider at 4.)

California Plaintiffs (unjust enrichment); Count Three brought by all Plaintiffs (negligent misrepresentation); Count Four brought by the California Plaintiffs as well as by Plaintiffs Stephen Berry, Fader Higher, LLC, Robert W. MacMillan, MacMillan Construction Company, Inc., David George, Deborah George and Audio Book Services, Inc. (aiding and abetting common-law fraud); and Count Five brought by all Plaintiffs (exemplary damages). At this juncture, the Court must determine whether the allegations in the First Amended Complaint overcome the pleading deficiencies of the initial Complaint, as detailed by the Court in its May 11, 2010 decisions (*see* doc. 66 and doc. 67).

## II.

## ANALYSIS

The Court first addresses the fraud-based claims, Count One (civil conspiracy) and Count Four (aiding and abetting common-law fraud). The Court will then turn to Plaintiffs' negligent misrepresentation claim (Count Three), and exemplary damages claim (Count Five). As already stated, the Court has determined in prior decisions that Count Two (unjust enrichment brought by the non-California Plaintiffs only) is sufficiently alleged to withstand TBS's and Bryan Cave's respective motions to dismiss. (doc. 66, Mem. Op. at 14-16; doc. 67, Mem. Op. at 13-14.)

A. *Count One (civil conspiracy) and Count Four (aiding and abetting common-law fraud)*

Count Four alleges that Bryan Cave and TBS aided and abetted fraud committed by the non-party insurance companies that issued the specially designed life insurance policies, as well as insurance agents acting on their behalf. The Court dismissed Count Four because, *inter alia*, Plaintiffs had failed to explain why the alleged statements and omissions of the insurance agents named in the Complaint were false when made, a requirement in the Fifth Circuit for pleading fraud

4

with specificity under FED. R. CIV. P. 9(b). (doc. 66, Mem. Op. at 13, 23-24; doc. 67, Mem. Op. at 12, 20.) In response to Plaintiffs' argument that the statements were known to be false because of "IRS criticism and scrutiny of certain aspects of 412(i) plans," the Court concluded in granting Bryan Cave's motion to dismiss that "IRS criticism and scrutiny alone . . . are insufficient to make statements" regarding the particular 412(i) plans false statements. (doc. 66, Mem. Op. at 24.) As stated by the Court, because Plaintiffs "fail[ed] to specify a definitive statement by the IRS that the relevant defined benefit plans were illegal when the statements were made . . . Plaintiffs fail[ed] to provide the necessary explanation as to why each representation was false when made." (*Id.*) The Court reached the same conclusion with regard to TBS's motion to dismiss.

In their Synopsis, Plaintiffs contend they have cured this deficiency:

> The Amended Complaint explains how the underlying fraud was accomplished by specific misrepresentations of existing fact and/or actionable opinions by the Insurance Companies. First, the Insurance Companies misrepresented existing facts by knowingly marketing an illegal tax shelter as a legitimate investment. The purported 412(i) plans violated existing law and/or presented serious tax risks in multiple respects at the time. This fact was explicitly recognized by IRS officials, industry experts, and even the Insurance Companies themselves long before the February 2004 revenue rulings (which simply clarified the law on a few limited issues).

Synopsis at 2-3 (footnotes omitted).[6] Bryan Cave, in response to the Synopsis, contends that Plaintiffs have failed to point to any official or definitive statement by the IRS, "but instead rely exclusively on industry commentary, articles, and speeches that merely rehash the same allegations

---

[6] In addition to asserting that the amended pleadings cure the deficiencies noted by the Court in its May 11, 2010 decisions, Plaintiffs' Synopsis at times reads like a motion to reconsider. Plaintiffs did not file a motion to reconsider under FED. R. CIV. P. 59(e); nor is the Court under any obligation to *sua sponte* engage in a re-analysis of its application of the law to the facts. Further, as noted by TBS, any motion to reconsider brought pursuant to Rule 59(e) would be untimely. *See* doc. 77, TBS Resp. at 4-5 (and cases cited therein).

of IRS criticism and scrutiny of certain aspects of 412(i) plans that this Court has already deemed insufficient to establish the fraudulent nature of the alleged misrepresentations." (doc. 79, Bryan Cave Resp. at 3.) According to Bryan Cave:

> Plaintiffs allegations regarding scrutiny and concern regarding certain aspects of certain 412(i) plans are plainly deficient for two reasons. First, as Plaintiffs implicitly acknowledge, none of these articles, speeches or conversations can be plausibly characterized as "definitive guidance" from the IRS. Second, Plaintiffs' new allegations regarding scrutiny and criticism of various forms of certain § 412(i) plans make clear that the scrutiny and criticism and debate only involved how the IRS, *in the future*, might characterize § 412(i) plans and treat the tax benefits associated with the plans.

*Id.* (original emphasis). TBS makes similar arguments.

Further, as Bryan Cave and TBS correctly note, although Plaintiffs now allege that "[t]he Pendulum Plan (and other similar 412(i) plans) and the specially designed insurance policies used to fund that plan did not comply with existing law and/or presented substantial tax risks to those who adopted or participated in such plan[,]" the Court notes that the paragraphs that Plaintiffs cite to support this claim are opinions from various tax professionals regarding the possible impropriety of similar tax shelters than those that are the subject of the First Amended Complaint. Bryan Cave argues that "Plaintiffs' new allegations regarding scrutiny and criticism of various forms of certain § 412(i) plans make clear that the scrutiny and criticism and debate only involves how the IRS, *in the future*, might characterize the § 412(i) plans and treat the tax benefits associated with the plans." (doc. 79, Bryan Cave Resp. at 3) (original emphasis). Specifically, in support of this argument, Bryan Cave cites numerous examples from the First Amended Complaint:

*See, e.g.,* (FAC Exhibit A, Declaration of Robert G. Thurlow, ¶ 8) (In 1999, Thurlow gave his opinion that he had "concerns" about the Pendulum Plan and "explained that, in [his] professional opinion, such a plan *would not* be a qualified Section 412(i) plan") (emphasis added); (FAC ¶ 62) (Alleging that John J. Koresko wrote an article in which he opined that the plans like the Pendulum Plan "*may not work* in the context of many welfare and pension plans" and "*likely violate*[] prohibited transaction Rules") (emphasis added); (FAC Exhibit C) (Email written by Koresko in which he opines that Pendulum Plan *appears to violate* the rule articulated in Rev. Rul. 81-162") (emphasis added); (FAC Exhibit E, Declaration of Mike Holman, ¶¶ 6, 9) (Holman explains that in 2002-2003 it was his "*contention* that [Hartford's] plans and the products they utilized for funding failed to meet the requirements of IRC § 412(i)," that Hartford's "product design was flawed, to the point of being illegal" and "that the IRS would, *upon examination* determine that [the plan] was [abusive] and disqualify any and all plans using the policy for funding purposes") (emphasis added).

(doc. 79, Bryan Cave Resp. at 3, note 4.)

Having carefully considered the allegations in the First Amended Complaint, and the exhibits thereto (*see* docs. 74-1, 74-2, 74-3, 74-4, 74-5, 74-6, 74-7, 74-8, 74-9), as well as the parties' arguments set forth above, the Court concludes that industry commentary, articles, and speeches suggesting that pension plans similarly-funded with specially designed life insurance policies may be abusive tax shelters is not sufficient to explain *why* the alleged representations by various insurance agents about the 412(i) plans that are the subject of the pleadings were false when made. Absent the requisite specificity, the Court concludes that Count Four of Plaintiffs' First Amended Complaint fails to allege fraud under Rule 9(b), and must be dismissed with prejudice.

Count One alleges civil conspiracy to commit fraud. Civil conspiracy is not a stand-alone claim, but requires an "underlying tort which the alleged conspirators agreed to commit[.]" *Baker v. Stewart Title & Trust of Phoenix*, 5 P.3d 249, 259 (Ariz. Ct. App. 2000). In light of Plaintiffs'

failure to plead fraud with particularity as detailed directly above, the Court concludes that Count One (civil conspiracy to commit fraud), must be dismissed with prejudice for failure to state a claim.

B       *Count Three (negligent misrepresentation) and Count Five (exemplary damages)*

As the Court already stated in its prior opinions in this case, Rule 9(b) does not apply to Count Three (negligent misrepresentation). (doc. 66, Mem. Op. at 14-16; doc. 67, Mem. Op. at 20.) Previously the Court dismissed Count Three, finding that the original Complaint failed to state a claim for negligent misrepresentation under Arizona law (and the similar law of other relevant states), which provides that negligent misrepresentation occurs when:

> [o]ne who, in the course of business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*St. Joseph's Hosp. & Med. Ctr. v. Reserve Life Ins. Co.*, 742 P.2d 808, 813 (Ariz. 1987) (applying the Restatement (Second) of Torts, § 552(1)). At this motion to dismiss stage, the question before the Court is whether, with regard to the alleged negligent misrepresentations made by Bryan Cave and TBS, Plaintiffs have "alleged facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court is mindful that the plausibility standard is not a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Based on the amended allegations pertaining to the alleged misrepresentations by Bryan Cave and TBS (*see, e.g.,* doc. 73, First Am. Compl. ¶¶ 112(a)-(k); 113, 114), as well as the exhibits attached to the First Amended Complaint

(*see* docs. 74-1, 74-2, 74-3, 74-4, 74-5, 74-6, 74-7, 74-8, 74-9), the Court determines that the amended allegations, though still insufficient to state a claim for aiding and abetting common-law fraud under Rule 9(b) (*see supra*), are sufficient to allege that Bryan Cave and TBS failed to exercise reasonable care or competence in obtaining or communicating the information used in the promotion of the § 412(i) plans as funded by specially designed life insurance policies, and that Plaintiffs justifiably relied upon these misrepresentations and omissions in deciding to establish their plans.

In light of the Court's determination that Plaintiffs have sufficiently alleged an underlying tort, negligent misrepresentation (rather than only unjust enrichment, a quasi-contractual claim), for the reasons set forth in the Court's August 10, 2010 Order (doc. 82, Order at 4), incorporated herein by reference, the Court concludes that Count Five (exemplary damages) is sufficiently pled in the First Amended Complaint.

## III.

## <u>CONCLUSION</u>

In sum, having considered the parties' arguments in their original briefing, Plaintiffs' First Amended Complaint, Plaintiffs' Synopsis, Bryan Cave's and TBS's respective responses thereto, the prior decisions by this Court (docs. 66, 67 and 82), and applicable law as detailed in the Court's May 11, 2010 decisions and August 10, 2010 decision, the Court concludes that Plaintiffs have sufficiently amended their pleadings against Bryan Cave and TBS to state a claim for negligent misrepresentation (Count Three), and punitive damages (Count Five). With regard to Counts One (civil conspiracy) and Four (aiding and abetting common law-fraud), however, the Court concludes that the amended pleadings are insufficient, as no underlying fraud has been adequately pled. The Court need not

assess the re-pleading of Count Two (unjust enrichment brought by the non-California Plaintiffs only) since the Court has already determined that the non-California Plaintiffs have sufficiently alleged unjust enrichment. (doc. 66, Mem. Op. at 14-16; doc. 67, Mem. Op. at 13-14.)

Based on the foregoing, the Court **dismisses with prejudice** Count One (civil conspiracy) pursuant to FED. R. CIV. P. 12(b)(6), and **dismisses with prejudice** Count Four (aiding and abetting common-law fraud) pursuant to and FED. R. CIV. P. 9(b).[7] Accordingly, with respect to Plaintiffs' First Amended Complaint (doc. 73), remaining as against Defendants Bryan Cave and TBS are: Count Two brought by the non-California Plaintiffs only (unjust enrichment); Count Three brought by all Plaintiffs (negligent misrepresentation); and Count Five brought by all Plaintiffs (exemplary damages).

---

[7]Normally the Court will allow a plaintiff the opportunity to amend where it appears that more careful or detailed drafting might overcome the deficiencies on which dismissal is based. *See McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995); *see also Hitt v. City of Pasadena*, 561 F.2d 606, 608-09 (5th Cir. 1977) (observing that a complaint should only be dismissed under Rule 12(b)(6) "after affording every opportunity for the plaintiff to state a claim upon which relief can be granted."); *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000) (while court may dismiss a claim for failing to comply with Rule 9(b), "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead particularity after being afforded repeated opportunities to do so.").

In this case, Plaintiffs request leave to amend, stating they have had only one opportunity to amend their complaint in this matter. Plaintiffs' First Amended Complaint was filed after the Court's May 11, 2010 decisions (doc. 66 and doc. 67) detailing the deficiencies in the pleadings. Under these circumstances, the Court determines that allowing further amendment pertaining to Counts One and Four will be futile and cause needless delay. Accordingly, in its discretion, the Court determines that further amendment of the pleadings is not warranted.

SO ORDERED.

DATED September 27, 2010

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE